STATE OF NEW JERSEY, BY THE STATE HIGHWAY COM-
MISSIONER, PLAINTIFF-APPELLANT, v. FREDERICK J.
DILLEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued December 19, 1966—Decided January 23, 1967.

*Mr. Joseph A. Hoffman,* Assistant Attorney General, argued the cause for the appellant, State of New Jersey, By the State Highway Commissioner (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Alan B. Handler,* First Assistant Attorney General, of counsel).

*Mr. Harry Krieger,* argued the cause for the respondent, Frederick J. Dilley (*Mr. Italo M. Tarantola,* attorney for respondent, Frederick J. Dilley).

The opinion of the court was delivered

PER CURIAM. This is a condemnation case. The Condemnation Commissioners awarded defendants the sum of $6,500. On appeal, the Superior Court, Law Division, increased the award and entered judgment for $10,500, with interest. The court thereafter granted defendants motion to amend the judgment to include the amount of taxed costs. Plaintiff appealed to the Appellate Division from so much of the amended judgment as encompassed taxed costs. While the matter was there pending this Court certified on its own motion. *R. R.* 1:10–1(a).

Plaintiff argues that allowance of costs against the State is generally prohibited by *N. J. S.* 2A:15–60 and that defendants here are therefore not entitled to such allowance. *N. J. S.* 2A:15–60 reads:

"In an action brought by the state, or the governor, or any person for the use of the state, the plaintiff shall recover costs as any other plaintiff; but the defendant in such an action shall not recover any costs against such plaintiff, whether the action is dismissed, judgment shall pass in favor of the defendant or any other proceeding is taken.
\* \* \* \* \* \* \* \*"

Defendant, Frederick J. Dilley, argues that under *R. R.* 4:92–8 costs are allowable against the State in a condemnation action as an exception to *N. J. S.* 2A:15–60. *R. R.* 4:92–8 reads:

"If the judgment on the appeal shall be for a greater sum than the commissioners awarded, costs of the appeal shall be charged against the plaintiff. If the judgment on the appeal shall be for the same or a less sum than the commissioners awarded, the costs of the appeal shall be charged against the appellant."

The basic question, therefore, is the determination of whether the statute or rule governs.

Plaintiff contends that a conclusion favorable to the defendants ultimately raises the constitutional issue of whether the Supreme Court has the power under *N. J. Const.* 1947, *Art.* VI, § II, *par.* 3, to adopt a rule permitting the assessment of costs in condemnation proceedings against the State. See *Winberry v. Salisbury,* 5 *N. J.* 240 (1950), *certiorari* denied 340 *U. S.* 877, 71 *S. Ct.* 123, 95 *L. Ed.* 638 (1950). That problem is not here present for the following reasons:

The allowance of costs on appeal to a successful condemnee was authorized by *L.* 1900, *c.* 53, *par.* 13. Although there occurred some minor changes in language, the gist and sense of the statute remained unchanged up to and including the adoption of the *Revision of* 1937. Under that revision, *L.* 1900, *c.* 53, *par.* 13 became *R. S.* 20:1–22. The pertinent part of *R. S.*

20:1–22 until its repeal, hereinafter discussed, read as follows:

"If the jury shall find a greater sum than the commissioners awarded, judgment with costs shall be entered against the petitioner and execution awarded therefor. If the jury shall be applied for by the owner and shall find a less sum than the commissioners awarded, costs shall be paid by the appellant and either deducted out of the sum found by the jury or execution awarded therefor, as the court shall direct."

The Legislature in 1951, recognizing the Supreme Court's constitutional rule making power, deleted by the adoption of *Titles* 2A and 3A matters of practice and procedure in *Titles* 2 and 3 of the *Revised Statutes*. In 1953, the Legislature eliminated matters of practice and procedure from the remaining titles of the Revised Statutes. As a part of that program, the Legislature adopted *L.* 1953, *c.* 20, which amended the Eminent Domain Act (*R. S.* 20:1 *et seq.*). *L.* 1953, *c.* 20, which became effective on July 1, 1953, repealed *R. S.* 20:1–22. The Legislature by this course of proceeding in effect again deferred to and recognized the Supreme Court's constitutional rule making power.

■ On June 25, 1953, this Court adopted *R. R.* 3:81C–8 which became effective on July 1, 1953. It is to be noted that the above cited rule became effective simultaneously with the repeal of *R. S.* 20:1–22. As of September 9, 1953, Rule 3:81C–8 upon a revision of the Rules became *R. R.* 4:92–8. Although the language of *R. R.* 4:92–8 and *R. S.* 20:1–22 differ in minor particulars, the meaning and intent are identical and exhibit the tacit understanding of the Legislature and Supreme Court that the rule dealing with practice and procedure shall stand in lieu and place of the statute. It follows that the posed constitutional question as above noted is not before this Court, and the issue raised in *Winberry v. Salisbury, supra,* is not here present.

■■ It becomes necessary, therefore, to determine whether *N. J. S.* 2A:15–60 or *R. R.* 4:92–8 is controlling. In the light of the foregoing history of the enactments, for the pur-

pose of ascertaining legislative intent, we may treat with the rule as we would a statute. The history of *R. R.* 4:92-8 indicates that it is a provision specific in nature dealing only with condemnation. *Rule* 4:92 is entitled "Condemnation" and *R. R.* 4:92-8 is limited to costs on appeal in such an action. *L.* 1900, *c.* 53 from which *R. R.* 4:92-8 is derived is entitled, "An Act to regulate the ascertainment and payment of compensation for property condemned or taken for public use." On the other hand *N. J. S.* 2A:15-60 which has remained essentially unchanged since its original enactment as *L.* 1903, *c.* 247 is a general provision. *Chapter* 15 of *Title* 2A is headed "Civil Actions Generally." *L.* 1903, *c.* 247 is entitled "An Act to regulate the practice of courts of law." In the case of a conflict between a specific and a general statute, the former prevails. *State v. Hotel Bar Foods, Inc.,* 18 *N. J.* 115 (1955) ; *Goff v. Hunt,* 6 *N. J.* 600 (1951). *R. R.* 4:92-8 being specific and restricted therefore supersedes and serves to exempt condemnation proceedings in which the State is a party from the prohibitory effect of *N. J. S.* 2A:15-60.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.