212 N.J. Super. 665 (1986)
515 A.2d 1291
JUDITH ANN MULLER, PLAINTIFF,
v.
KENNETH ROBERT MULLER, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County, Family Part.
Decided March 7, 1986.
*667 Robert S. McEwan, Jr. (Bergen County Board of Social Services), for plaintiff.
Edward V. Torack (Hook, Torack & Smith, attorneys) for defendant.
KRAFTE, J.S.C.
This is a post-divorce Uniform Reciprocal Enforcement of Support Act, N.J.S.A. 2A:4-30.24, et seq., Revised 1968, proceeding, hereinafter referred to as URESA, between residents of Florida (mother and child) and a resident of New Jersey (father), addressing support in a "held" account and visitation.
Factually, we find that the parties to this action were divorced by Florida decree in 1975. Incorporated in the Final Judgment *668 was the parties' Property Settlement Agreement, which granted custody of their then two year-old son to plaintiff-wife, and reasonable rights of visitation to defendant-husband. Thereafter, defendant moved to New Jersey, and a URESA order was entered in this State in 1977, requiring child support payments to be made through the Bergen County Probation Department. Plaintiff and the infant child continue to reside in Florida.
In 1983, plaintiff filed a petition for an increase in child support under URESA. The resulting order of April 23, 1984, for reasons unknown to this Court, failed to directly address plaintiff's request. Instead, the order required that all future child support payments to plaintiff be suspended and placed in a "held" account pending effectuation in this State of defendant's visitation with the child. When the matter came on for review in November 1984, the existing order and "held" account were continued. No subsequent order has been entered, and plaintiff alleges that as of October 10, 1985, the "held" account totals $2,310. and is current.
It is undisputed that the child, now 13, has not seen his father since 1979, some five to six years. Defendant alleges that plaintiff thwarts his every attempt at visitation. He seeks visitation in New Jersey on the basis that it would be ineffective in Florida, in such close proximity to plaintiff. Denying any interference with defendant's visitation rights, plaintiff asserts that defendant makes no effort to see the child in Florida, and that the child does not wish to visit his father in New Jersey.
What is actually before this Court is plaintiff's motion to vacate the visitation order and release the support monies maintained in the "held" account. Initially, plaintiff disputes the jurisdiction of the New Jersey court to have entered the 1984 order and poses two queries: (1) whether the court had jurisdiction to enter a visitation order in the context of a support enforcement proceeding brought pursuant to URESA, and (2) whether New Jersey or Florida has jurisdiction over *669 questions of custody and visitation pursuant to the requirements of the Uniform Child Custody Jurisdiction Act, N.J.S.A. 2A:34-28, et seq. (UCCJA).
It is plaintiff's position that, in the context of a URESA proceeding, the receiving court lacks jurisdiction to order visitation. She claims that support and visitation obligations are mutually independent. Although she disavows interference with visitation, she argues that denial of visitation rights does not confer jurisdiction on the court to suspend support. Plaintiff asserts that to permit consideration of visitation issues in a URESA hearing places an undue burden on the enforcement agencies charged with implementing the act: They would be forced to track visitation as well as support records. Finally, with respect to the UCCJA, plaintiff argues that Florida, and not New Jersey, is the "home state" of the child wherein jurisdiction lies to modify visitation.
Defendant asserts that there is no limitation on the court's equity powers to enter a visitation order in a support proceeding. He claims that, although the general rule is that support and visitation obligations are not interdependent, there are exceptions to the rule when the welfare of the child mandates his "getting to know, love and respect both parents." It is further urged that the entire controversy doctrine is violated if the New Jersey court is found to have lacked jurisdiction to enter the order, inasmuch as such a finding would compel defendant to institute multiple proceedings to enforce his rights. Defendant also resists plaintiff's application on the ground that, having failed to timely appeal the 1984 order, she cannot now ask this Court to act in effect as an appellate court and vacate the order of another trial court. Finally, with respect to the UCCJA, defendant urges that said act must be read in pari materia with URESA and prior case law of this State, to the end that interstate visitation issues may be addressed in a URESA proceeding.

*670 I. JURISDICTION TO ENTER A VISITATION ORDER IN A URESA PROCEEDING.
Initially this Court addresses the issue of whether a responding court has jurisdiction in the context of a URESA proceeding to enter a visitation order. For purposes of this limited analysis, and to narrow the issue, it will be assumed that New Jersey is the "home state" within the meaning of the UCCJA, such that it would have jurisdiction under that statute to enter or modify a visitation order. The narrow question here is whether issues of visitation and custody can be raised as a defense in a support enforcement proceeding, irrespective of any interstate conflict under the UCCJA.
Plaintiff relies on two sections of URESA for the proposition that a court is without authority to enter a visitation order in a support hearing. First, N.J.S.A. 2A:4-30.26(e) defines "obligee" as:
a person including a state or political subdivision to whom a duty of support is owed or a person including a state or political subdivision that has commenced a proceeding for enforcement of an alleged duty of support or for registration of a support order.... [Emphasis supplied.]
The act then provides, at N.J.S.A. 2A:4-30.45:
the determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court.
Inasmuch as the definition of an obligee includes both plaintiff (as a person who has commenced a proceeding to enforce support) as well as the child (as a person to whom a duty of support is owed), plaintiff asserts that funds owed to the son cannot be withheld because of alleged interference by the mother with visitation.
Second, plaintiff relies on N.J.S.A. 2A:4-30.54, which provides:
Participation in any proceeding under this act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding.
It is plaintiff's position that, had the divorce been obtained in New Jersey, then arguably this State would retain jurisdiction over the marital res and could address other matrimonial issues. *671 However, since the state of original jurisdiction was Florida, and both plaintiff and the child have continuously remained Florida residents, she claims that the above provision precludes this Court from assuming jurisdiction over matters other than support.
Defendant's position that the visitation order was properly entered takes a different approach. N.J.S.A. 2A:4-30.27 states that the remedies provided in the act are "in addition to and not in substitution for any other remedies." The choice of law section, N.J.S.A. 2A:4-30.31 provides:
Duties of support applicable under this act are those imposed under the laws of any state where the obligor was present for the period during which support is sought.
Defendant interprets these two sections to mean that, since defendant has resided in this State during the relevant period, New Jersey law applies to plaintiff's application for relief. He then argues that there are several reported decisions in this State which hold that there is no limitation on the power of the court to deal with visitation rights in a support proceeding, citing Daly v. Daly, 39 N.J. Super. 117 (Juv. & Dom.Rel. 1956), aff'd. 21 N.J. 599 (1956) and Smith v. Smith, 85 N.J. Super. 462 (Juv. & Dom.Rel. 1964).
In Daly, a URESA proceeding, the trial court recognized the general rule that support and visitation are not interdependent, but conditioned plaintiff's receipt of support upon her permitting defendant reasonable rights of visitation.[1]
In Smith, the Court stated that
[A]lthough the Daly case and others in New Jersey and other states stand for the proposition that the obligation to support is not as a general rule dependent upon the right of visitation, * * * nevertheless a compelling contrary philosophy permeates almost all decisions relating to rights of visitation. This philosophy includes not only the obligation of both parents to love and know their children, but also the right and privilege a child has in getting to know, *672 love and respect both parents. * * * Where the welfare of the children requires that they have reasonable visitation with their father, the courts have not been loath to bring pressure on the mother to make such visitation rights effective by using the economic sanction of temporarily depriving her of support for the children or reducing such support. 85 N.J. Super. at 467 [Citations omitted.]
In reliance on these cases, defendant argues that the law of this State does not limit the court's power to enter a visitation order in a support enforcement proceeding, and indeed, that failure to give consideration to visitation issues violates public policy of this State, which recognizes a noncustodial parent's right to see his child.
As correctly pointed out by plaintiff, however, the Smith and Daly cases are distinguishable from the instant matter in several respects. First, the Smith decision did not involve a URESA petition. It was a direct proceeding in which both parties submitted to the jurisdiction of this State. Second, in both Smith and Daly the wife removed herself and the children from this State, the state of the marital res. In contrast are the facts here, where plaintiff and the child have resided in Florida both before and since the divorce, and it is defendant who has removed himself from Florida to New Jersey, thereby frustrating visitation. N.J.S.A. 2A:4-30.54 clearly precludes a court's assuming jurisdiction over a party in any other proceeding simply because a petition is filed pursuant to URESA, and plaintiff here has not otherwise submitted herself to the jurisdiction of this Court.
Third, and most important, the language of N.J.S.A. 2A:4-30.45, which was not part of the act when Daly was decided, makes it clear that the visitation defense and suspension of support payments pending visitation have been specifically proscribed by the statute. Said section prohibits raising the custodial parent's interference with visitation as an equitable defense in a URESA proceeding. While Daly considered visitation issues in a URESA hearing, the earlier version *673 of the act under which Daly was decided did not include this provision.
Although there are no reported New Jersey cases construing this subject under the revised act, recent cases in other jurisdictions have, and this Court may look to them for guidance.
In Todd v. Pochop, 365 N.W.2d 559 (S.D.Sup.Ct. 1985), the Supreme Court of South Dakota, relying on that state's counterpart to N.J.S.A. 2A:4-30.45, held that visitation rights may not be raised as a defense in a URESA action. Noting that the majority of states concur in this view, and that only a few states permit collateral issues of custody and visitation to be raised in a URESA action,[2] the Court said at page 560:
We have considered both the majority and minority views and conclude that sound policy reasons support the majority rule. Carried to an extreme, allowing the visitation defense would mean that if the custodial parent's visitation violations were constant and flagrant enough, the child would be allowed to starve while the parents continued their battles. This we cannot countenance.
The Todd court emphasized the underlying policy of URESA, as expressed in State ex rel. Hubbard v. Hubbard, 10 Wis.2d 683, 329 N.W.2d 202, 205 (1983):
The very purpose of the URESA requires that it be procedurally and substantively streamlined. Interstate enforcement of support obligations will be impaired if matters of custody, visitation, or a custodial parent's contempt are considered by the responding court. The introduction of such collateral issues will burden the URESA mechanism. Moreover, permitting the resolution of other family matters in a URESA proceeding may deter persons from invoking the URESA. Todd v. Pochop, supra, 365 N.W.2d at 560.
This Court finds that with the adoption of N.J.S.A. 2A:4-30.45, interference with visitation can not be raised as a defense in a URESA proceeding. To the extent that the trial court in Daly held otherwise, that decision has been substantially impaired by the implementation of said section.
The policy considerations expressed in Todd and Hubbard, supra, become particularly meaningful under the facts of this *674 case. The child has not seen his father, for whatever reason, in some six years and expresses his unwillingness to visit in this State. Plaintiff, in 1983, sought an increase in the support figure established almost ten years earlier, and proceeded under URESA  the statute designed to provide an avenue for persons living outside this State to receive support from New Jersey residents obligated to pay. The resulting order suspending support in a "held" account benefits no one. Defendant continues to make timely payments, while plaintiff is denied the support to which she is entitled for the son. In the meantime, the visitation situation remains unchanged. And, more important, it is the child who, as the ultimate beneficiary, suffers while the monies continue to accrue in the Probation Department account, totalling the not insignificant sum of $2,310.
In light of the foregoing, this Court finds that the Daly trial court decision has been substantially undermined by the clear language of N.J.S.A. 2A:4-30.45, and that visitation and custody issues have no place in a URESA action. This Court joins the majority of states in holding that policy considerations mandate such a result, to effectuate the underlying purposes of the act.

II. JURISDICTION UNDER THE UCCJA
The second question presented is whether New Jersey is the "home state" of the child, such that it would have jurisdiction to enter a visitation order pursuant to the provisions of the Uniform Child Custody Jurisdiction Act, N.J.S.A. 2A:34-28, et seq. (UCCJA), and irrespective of URESA.
The UCCJA sets forth the criteria for establishing jurisdiction in the Superior Court of New Jersey to enter or modify a "child custody determination". The definitional section, N.J.S.A. 2A:34-30, provides the following:
As used in this act:
* * * * * * * *

*675 b. "Custody determination" means a court decision and court orders and instructions providing for the custody of a child, including visitation rights, and does not include a decision relating to child support or any other monetary obligation of any person;
* * * * * * * *
e. "Home state" means the state in which the child immediately preceeding the time involved lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months * * * (Emphasis added.)
Jurisdiction to enter or modify a custody determination, which by definition encompasses issues of visitation, is governed by the act. Therefore, a finding that the 1984 order was properly entered must be predicated on the jurisdictional requirements of the act having been met.
The situation in which a court may assume jurisdiction to enter a custody determination are delineated in 2A:34-31:[3]
a. The Superior Court of the State of New Jersey has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or
(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
(3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
*676 Applying the above standards, it is apparent that New Jersey did not have jurisdiction to modify visitation. The home state of the child  for the six months preceeding plaintiff's petition and indeed always  was Florida. The only connection with this State is defendant's residence, and it does not appear that Florida has declined to exercise jurisdiction over the matter.
Without question Subsection (a)(1)(i) applies here to vest jurisdiction over custody and visitation in Florida. This result effectuates the policy underlying the act:
The Legislature finds that this act is necessary in order to:
* * * * * * * *
b. Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;
c. Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that the courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state;
* * * * * * * *

N.J.S.A. 2A:34-29(b) and (c).
Defendant attempts to circumvent the jurisdictional requirements of the UCCJA by arguing that the statute must be read in pari materia with URESA and decisional law of this State such as Smith and Daly, so that interstate visitation may be considered without regard to the UCCJA provisions. He again asserts that the traditional equity powers of the Court are without limitation.
Defendant's contention must fall, however, in view of the clear language of the UCCJA. The act explicitly includes visitation determinations, and excludes matters of support. It was intended to vest jurisdiction over custody and visitation in that state which can most effectively protect and promote the child's best interests, and here that state is Florida.
*677 The New Jersey court could have assumed jurisdiction over visitation only if the requirements of the UCCJA were met. They were not. This Court therefore finds that since defendant cannot demonstrate that New Jersey is the appropriate forum to establish visitation and/or custody, and that conversely, Florida is, the New Jersey court was without jurisdiction under the UCCJA to enter a visitation order in New Jersey. Defendant's contention that the order was properly entered must, therefore, fail on this count.

III. POWER OF THIS COURT TO VACATE THE 1984 ORDER
Finally, this Court addresses the issue raised by defendant that plaintiff, having failed to timely appeal the prior order, can not now seek its vacation in this Court.
Initially, this Court looks to Rule 4:6-7, which provides that:
[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the matter except as otherwise provided by R. 1:13-4.
The comment to the rule states that the defense of lack of subject matter jurisdiction "may be raised at any time". See Pressler, Current New Jersey Court Rules, Comment R. 4:6-7 (1986).
That the defense of lack of subject matter jurisdiction is never time-barred was amplified in Peper v. Princeton University Board of Trustees, 77 N.J. 55, 65-66 (1978):
The principle is well established that a court cannot hear a case as to which it lacks subject matter jurisdiction even though all parties thereto desire an adjudication on the merits. * * * Such jurisdiction must be granted to the court by the Constitution or by valid legislation, as it "cannot be vested by agreement of the parties". * * * Likewise, subject matter jurisdiction cannot be conferred by waiver resulting from a party's failure to interpose a timely objection to the assumption of jurisdiction. * * * Objection to jurisdiction of the court over the subject matter is effective whenever made. (Citations omitted.)
The issue of whether a court has subject matter jurisdiction has been described as involving "merely a threshold determination as to whether the court is legally authorized to decide the *678 question presented." Gilbert v. Gladden, 87 N.J. 275, 280-281 (1981). Here, the New Jersey court lacked jurisdiction under URESA, and in particular Section 2A:4-30.45, to entertain visitation issues in the context of a proceeding under that statute. Likewise, the UCCJA, which controls jurisdiction over custody and visitation determinations, would vest jurisdiction in Florida, and not this State.
Lack of subject matter jurisdiction is a nonwaivable defense. A finding that the court lacked subject matter jurisdiction at the time of the entry of the order in 1984 will render that order void from its inception, and the failure to appeal that order moot. This Court finds that plaintiff is never barred from raising this defense, and that under R. 4:6-2, it has the authority to vacate the prior order.
The April 1984 order, suspending support payments pending visitation in this State, and the November 1984 order continuing same are therefore found to be void and are vacated.
The Bergen County Probation Department is directed to release all monies it presently holds, and to forward all future support payments to plaintiff in Florida. Counsel for plaintiff shall submit an appropriate order.
NOTES
[1] Although the trial court's decision in Daly was affirmed by the Supreme Court, the latter decision did not address the issue of conditioning support on visitation.
[2] It should be noted that the 1956 Daly decision was among those cited as holding the minority position that visitation issues may be considered by the court in a URESA proceeding.
[3] Florida has also adopted the UCCJA, found at West's F.S.A. §§ 61.1302 to 61.1348.