214 N.J. Super. 210 (1986)
518 A.2d 781
LINDA M. KAPLAN, PLAINTIFF,
v.
SAMUEL L. KAPLAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided August 29, 1986.
*212 Robert S. McEwan, Jr. for plaintiff.
Robert John Aste for defendant (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys).
KRAFTE, J.S.C.
Recently this court addressed the issue of whether a custodial parent's interference with visitation could be raised as a defense in a support enforcement proceeding brought pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (1968), N.J.S.A. 2A:4-30.24 et seq. (URESA). See Muller v. Muller, 212 N.J. Super. 665 (Ch.Div. 1986).
This case presents similar issues of interference with visitation and support monies being placed in a "held" account, with one important factual distinction. In Muller, the state of original jurisdiction in the matrimonial action was Florida  the judgment of divorce was entered there; the child had lived there for almost his entire life; the defendant-father subsequently acquired New Jersey residence which was the only connection with this State. Under those facts, it was found that the New Jersey court lacked jurisdiction to enter a visitation order in view of the requirements of the Uniform Child Custody Jurisdiction Act, N.J.S.A. 2A:34-28 et seq. (UCCJA) and that issues of custody and/or visitation are not properly before the responding court in a URESA proceeding.
In contrast to Muller, however, the parties in this case were divorced in New Jersey, and it is the plaintiff-wife who removed herself and the children from this jurisdiction to Florida. The question thus becomes whether a court of this state, because it was the situs of the marital res, has continuing jurisdiction over *213 issues of visitation and support. Can this court enforce the final judgment by conditioning plaintiff's receipt of support on her affording defendant visitation with the children? A brief review of the factual background is in order.
The parties were divorced in New Jersey in 1978, their final judgment having incorporated their property settlement agreement. Custody of the two children of the marriage was given to plaintiff, reserving to defendant reasonable and liberal rights of visitation. The agreement particularly specified that defendant would have visitation with the children at his home during all school vacations and for two weeks during the summer.
The "Support and Maintenance" section provided that defendant would pay plaintiff $40 a week for child support. However, defendant's obligation would terminate if plaintiff permanently removed the children from New Jersey. Immediately after the divorce, plaintiff did, in fact, move with the children to Florida. Defendant did not challenge the move and continued to send child support.
In 1979, defendant requested and obtained visitation with the children at his home for two weeks during the summer. He then refused to return the children to Florida, and instead filed an order to show cause here to change custody from plaintiff to him. The court denied his application, ordering the return of the children to plaintiff and declining jurisdiction in the matter.
Shortly thereafter, problems arose with visitation, and as a result defendant ceased support payments. Plaintiff instituted an enforcement action pursuant to URESA. Thus began a series of orders entered by the Superior Court of New Jersey between 1980 and 1985  thirteen in all  admonishing plaintiff for her failure to comply with the visitation provisions of the final judgment. The first order, entered May 28, 1980, required defendant to pay $40 a week plus $10 a week on arrears, but also directed that plaintiff comply with visitation.
In October 1980, support monies were ordered to be placed in a "held" account pending plaintiff's compliance. When she *214 failed to comply, defendant in 1981 applied for and was granted return of all monies held by the Bergen County Probation Department, as well as vacation of all prior orders of support.
Plaintiff continued to file URESA petitions in Florida, and each time the New Jersey court refused to grant relief unless and until plaintiff provided visitation.
The most recent order, entered May 29, 1985, dismissed plaintiff's petition and expressly noted five previous orders requiring plaintiff to afford visitation. The order further provided that any future applications by plaintiff for support would be dismissed upon receipt of a letter from defendant's counsel stating that plaintiff continues to deny visitation. In addition, the court stated that it would consider plaintiff's future applications only if she provided a detailed affidavit setting forth what action she has taken to afford visitation.
When the matter came on for review in the fall of 1985, plaintiff submitted notarized letters from friends and family members which allegedly attest to defendant's having had visitation with the children since the divorce in 1978. The letters are vague and speak only of times when defendant saw the children in Florida. Other than the summer of 1979, when the children came to New Jersey for two weeks, there is no mention of defendant's subsequently having had the children at his home.
Plaintiff seeks an order of support as well as arrears. Defendant resists this most recent application, claiming that plaintiff continues to thwart his efforts at not only visitation here in New Jersey, but also telephone and mail contact with the children in Florida.
Under these facts, and in contrast to Muller, the New Jersey court is not only the responding court under URESA, but also the court of original jurisdiction in the matrimonial matter. Does it, therefore, have continuing jurisdiction over issues of support and visitation?
*215 The interplay of three statutes is called into question: (1) N.J.S.A. 2A:34-23, "Alimony and Maintenance," pursuant to which this court has continuing jurisdiction to enter post-judgment orders in a matrimonial action; (2) URESA, enacted to provide an avenue for persons living outside this State to receive or enforce support from New Jersey residents obligated to pay; and (3) UCCJA, intended to vest jurisdiction over custody determinations in that state which is best able to protect the interests and welfare of the "interstate" child.
The starting point for this inquiry is N.J.S.A. 2A:34-23, which provides:
Pending any matrimonial case brought in this state or elsewhere, or after judgment of divorce or maintenance, whether obtained in this state or elsewhere, the court may make such order as to the alimony or maintenance of the parties, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties, and the nature of the case shall render fit, reasonable and just.... [Emphasis supplied]
Based on the above provision and the fact that the judgment of divorce was entered here, defendant contends that this court retains jurisdiction to modify the judgment. He argues that the subsequent enactment of UCCJA and amendments to URESA do not preempt this court's continuing jurisdiction under N.J.S.A. 2A:34-23. On that basis, and in reliance upon Smith v. Smith, 85 N.J. Super. 462 (J. & D.R.Ct. 1964) and Daly v. Daly, 39 N.J. Super. 117 (J. & D.R.Ct. 1956), aff'd 21 N.J. 599 (1956), it is defendant's position that the public policy of New Jersey permits this court to modify the final judgment to condition plaintiff's receipt of support on defendant's having meaningful visitation.
The language of N.J.S.A. 2A:34-23 appears to confer upon this court continuing jurisdiction in custody and child support matters. The court "may make such order" as to the custody and maintenance of the children "as the circumstances of the parties and the nature of the case shall render fit, reasonable and just."
*216 In Kase v. Kase, 18 N.J. Super. 12 (App.Div. 1952) the court addressed the continuing jurisdiction under R.S. 2:50-37, the predecessor to the current statutory provision. There the ex-wife applied for alimony 20 years after the parties divorced. The court noted the general rule that an action terminates with the final decree or judgment: "the parties are then supposed to have left court and gone home." Id. at 15. In certain classes of equity cases, however, the court retains jurisdiction over the action to afford further relief as the circumstances change or situation ripens. Thus in construing R.S. 2:50-37, the court said that "for the purposes of alimony, the court retains jurisdiction after the final decree of divorce; the parties remain in court." Id. at 16.
Can it then be said that these parties remain in this court with respect to modification of the custody and child support aspects of their judgment? Can the Kase rationale be applied today to this set of facts?
To answer in the affirmative runs afoul of two uniform laws  URESA and UCCJA  enacted partly in response to our interstate society. Both statutes have been adopted by Florida as well as New Jersey. Each addresses specifically one aspect of the within situation: namely, where divorced spouses reside in different jurisdictions and issues arise as to support or custody-visitation.
URESA, adopted in New Jersey in 1950 and amended in 1982, was intended to provide an efficient mechanism for out-of-state obligees to enforce support duties imposed or imposable on New Jersey obligors. UCCJA was enacted in 1979 to regulate jurisdiction over interstate custody and visitation disputes.
Despite these specific pieces of legislation, defendant contends that all issues of support and visitation must be adjudicated here in New Jersey, because this State entered the final judgment as well as 13 subsequent orders. Because of this court's order vacating his support obligation, defendant concludes that URESA is not available to plaintiff and that pursuant *217 to this court's continuing jurisdiction under N.J.S.A. 2A:34-23, plaintiff must challenge the pre-existing orders by coming to New Jersey.
Thus an apparent conflict arises between N.J.S.A. 2A:34-23 and the two uniform laws. It is clear, however, that "When there is a conflict between a general and specific act on the same subject, the latter shall prevail." W. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336 (1970); State, by Highway Com'r v. Dilley, 48 N.J. 383 (1967); State v. Hotel Bar Foods, Inc., 18 N.J. 115 (1955).
N.J.S.A. 2A:34-23 speaks of this court's jurisdiction to enter orders as to custody and maintenance of children "as the circumstances of the parties and the nature of the case shall render fit, reasonable and just." This general legislative pronouncement must yield to the specific uniform laws on the same subjects. Thus while not commenting on the correctness of the Kase rationale, this court is satisfied that it is inapplicable today to these facts.
It is clear that when parties are divorced in New Jersey and one subsequently moves to another state, they no longer necessarily remain in this court, as was held in Kase. Procedural and jurisdictional guidelines in matters of interstate support enforcement and custody disputes are specifically addressed by URESA and UCCJA, and courts are enjoined to give full effect to such legislation.
On defendant's earlier motions, this court repeatedly entered orders concerning visitation. UCCJA governs interstate jurisdiction over "custody determinations" which by definition include visitation rights. N.J.S.A. 2A:34-30(b). Pursuant to the requirements of N.J.S.A. 2A:34-31, this court was without jurisdiction to make custody determinations in this case. Florida has been the "home state" of the children since 1978. That state has the closer connection with and evidence about the children and their family. This State has no connection with the children other than their father's residence, and it *218 does not appear from the record that Florida declined jurisdiction over the matter.
Defendant's position that this court has jurisdiction over visitation because it is where the parties were divorced has been rejected by our courts. See L.F. v. G.W.F., 183 N.J. Super. 195 (App.Div. 1982); Pozzi v. Pozzi, 210 N.J. Super. 522 (Ch.Div. 1986).
In this case, the home state of the children is, and has been Florida since 1978. If defendant wishes to further pursue his visitation rights, he must do so in Florida, pursuant to the jurisdictional requirements of UCCJA.
Likewise, in plaintiff's prior URESA hearings, the determination of a duty of support owed to the children by defendant should not have been affected by any interference by plaintiff with visitation. See N.J.S.A. 2A:4-30.45 and Muller, supra. This has been the law of our State since 1982 when URESA was so amended. Yet in the previous orders, and as recently as May 1985, the court dismissed plaintiff's petitions and conditioned future applications on her providing defendant with visitation.
Defendant resists plaintiff's filing a new URESA petition in Florida, claiming that her only recourse at this point is to challenge the existing orders by coming to New Jersey. He argues that this court has already ruled that he is under no duty of support, and that since there is no order to be enforced, URESA is not an available forum to plaintiff. This court disagrees.
Even assuming the court's earlier dismissals of the URESA petitions were properly entered, there is nothing in the act to preclude a court from establishing anew a duty of support. While the act does not create "duties of support," it defines same as "a duty of support whether imposed or imposable by law...." N.J.S.A. 2A:4-30.26(b). The act contemplates *219 determinations of prospective duties of support as well as enforcement of existing orders.
The duties of support applicable under the act are "those imposed under the laws of any state where the obligor was present for the period during which support is sought." N.J.S.A. 2A:4-30.31. Defendant has resided during the relevant period in New Jersey. The law of this State is that a parent's duty of support and rights of visitation are mutually independent. Bruguier v. Bruguier, 12 N.J. Super. 350, 354 (Ch.Div. 1951); Fiore v. Fiore, 49 N.J. Super. 219, 227 (App.Div. 1958), certif. den. 28 N.J. 59 (1958). There are cases which speak of an exception to this rule, where support can be reduced or suspended to give effect to visitation rights. See, e.g., Daly, supra. However, Daly was decided before the amendment to URESA which provides that "the determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court." N.J.S.A. 2A:4-30.45.
Moreover, as discussed in Muller, supra, injection of issues of custody and visitation in URESA proceedings impairs, rather than effectuates, interstate enforcement of support obligations. See Todd v. Pochop, 365 N.W.2d 559 (S.D.Sup.Ct. 1985); State ex rel. Hubbard v. Hubbard, 110 Wis.2d 683, 329 N.W.2d 202 (1983).
This court therefore finds that plaintiff is not, by reason of the previous orders, barred from filing this new petition in Florida under URESA and consequent enforcement in this State. Defendant shall, therefore, resume payments of $40 a week through the Bergen County Probation Department. If defendant wishes to pursue his visitation claims, he must do so in the State of Florida. All prior orders conditioning support on visitation are hereby vacated.
Counsel for plaintiff shall submit an order consistent with the foregoing.