753 A.2d 1211

CASINO REINVESTMENT DEVELOPMENT AUTHORITY, A PUBLIC CORPORATE BODY OF THE STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. SADIE B. MARKS AND MARKS BEER GARDEN, INC., DEFENDANTS–RESPONDENTS, AND EXXON CORPORATION; JAMES L. ROBERTS, TRUSTEE FOR THIRD NATIONAL BANK, NASHVILLE; THE BOARDWALK NATIONAL BANK; CITY OF ATLANTIC CITY; ATLANTIC CITY MUNICIPAL UTILITIES AUTHORITY; ATLANTIC CITY SEWER COMPANY; STATE OF NEW JERSEY; WILHEMINA BOOKER; JAMES WYNN; AND UNITED STATES OF AMERICA, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued May 22, 2000—Decided July 6, 2000.

Before Judges HAVEY, KEEFE, and COLLESTER.

*Peter D. Manahan,* argued the cause for appellant (*Connell, Foley & Geiser,* attorneys; *Mr. Manahan,* of counsel; *Ernest W. Schoellkopff,* on the brief).

*John H. Buonocore, Jr.* argued the cause for respondents (*McKirdy & Riskin,* attorneys; *Mr. Buonocore,* of counsel and on the brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

Plaintiff, the Casino Reinvestment Development Authority, condemned property located at the corner of Michigan and Arctic Avenues in Atlantic City owned by defendants, Sadie B. Marks and Marks Beer Garden, Inc. A jury determined the fair market value of the property was $1,600,000, or $90 per square foot. In addition, the judgment included an additional $22,500 in counsel fees.

On appeal, plaintiff contends: (1) because of the way the judge permitted defendants' expert to testify, defendants procured a condemnation award based on speculation and surmise; (2) the judge erred in admitting into evidence defendants' expert's comparable sales without adjustment; (3) the judge erred in barring relevant testimony of plaintiff's appraisal experts; (4) remarks

made by defense counsel and a witness against the plaintiff and its appraisers tainted the verdict and produced an excessive condemnation award; (5) the judge abused his discretion by failing to appoint an independent appraiser or to adjourn the trial pending completion of the appeal in *Casino Reinvestment Dev. Auth. v. Lustgarten,* 332 *N.J.Super.* 472, 753 *A.*2d 1190 (App.Div.2000); and (6) the judge's award of counsel fees under *Rule* 4:58 contravened the legislative scheme of compensation set forth in the Eminent Domain Act. Except as to the last issue, we find no error in the trial judge's rulings. The judgment is affirmed except as to the award of counsel fees for the reasons set forth herein.

The facts and Points I through V are not being published at the request of the court since the issues are essentially the same as in *Lustgarten, supra.*

## VI.

Plaintiff argues that the trial judge erred in awarding counsel fees in reliance on *Rule* 4:58, the so-called offer of judgment rule. We agree and reverse that aspect of the judgment.

In *Jersey City Redev. Agency v. Clean–O–Mat Corp.,* a condemnation action, we stated:

> "[I]ndirect costs to the property owner caused by the taking of his land" generally are not included in determining just compensation, and, thus, "'[a]ttorneys' fees and expenses are not embraced within'" that term. *United States v. Bodcaw Co.,* 440 *U.S.* 202, 203, 99 *S.Ct.* 1066, 1066–67, 59 *L.Ed.*2d 257, 259 (1979) (quoting *Dohany v. Rogers,* 281 *U.S.* 362, 368, 50 *S.Ct.* 299, 302, 74 *L.Ed.* 904 (1930)). Perhaps, it would be fair or efficient to compensate a land owner for all costs he or she incurs as a result of a condemnation action, but the United States Supreme Court has said that "such compensation is a matter of *legislative grace* rather than constitutional command." *Id.* at 204, 99 *S.Ct.* at 1067, 59 *L.Ed.*2d at 260. We know of *no statute or rule* providing for the allowance of attorneys' fees in condemnation cases. *See R.* 4:42–9. Absent express authorization, we see nothing in this case requiring us to engraft an exception to the general principle that "sound judicial administration [is] best ... advanced by having each litigant bear his own counsel fee...." *Gerhardt v. Continental Ins. Cos.,* 48 *N.J.* 291, 301, 225 *A.*2d 328 (1966); *see also McGuire v. City of Jersey City,* 125 *N.J.* 310, 326, 593 *A.*2d 309 (1991).

[289 *N.J.Super.* 381, 401, 673 *A*.2d 1360 (App.Div.), *certif. denied,* 147 *N.J.* 262, 686 *A*.2d 763 (1996) (emphasis added).]

With respect to the foregoing reference to counsel fees being subject to "legislative grace[,]" we think it is important to note that a proposed provision of our Eminent Domain Act (Act) was deleted before the bill was enacted into law. The deleted provision would have allowed awarding expenses of the condemnee when a verdict exceeded by twenty-five percent the amount of money placed on deposit by the condemnor. *State v. Mandis,* 119 *N.J.Super.* 59, 61, 290 *A*.2d 154 (App.Div.), *certif. denied,* 61 *N.J.* 156, 293 *A*.2d 386 (1972). We of course appreciate that there has been some expression of legislative will on the subject.

We are cognizant of the fact that the applicability of the offer of judgment rule, upon which the trial judge in this case relied, was not expressly before us for consideration when *Clean–O–Mat Corp., supra,* was decided. Nonetheless, we cannot overlook the fact that another part of this court made the observation that it was aware of no rule that permitted the award of counsel fees in a condemnation case. 289 *N.J.Super.* at 401, 673 *A*.2d 1360. Further, while the Act provides that the procedure governing the trial of a condemnation "action shall be in accordance with the rules[,]" *N.J.S.A.* 20:3–7(a), another section of the Act defines "Rules" as "*the applicable rules* governing the courts...." *N.J.S.A.* 20:3–2(f) (emphasis added). Arguably, the "applicable rules" referred to in the statute are those contained in the Rules Governing the Courts specifically applicable to condemnation, namely *Rule* 4:73–1 to –11. These principles necessarily guide our interpretation of the rule upon which the trial judge relied in awarding counsel fees.

Under *Rule* 4:58–1, titled "Time and Manner of Making and Accepting Offer[,]" a party may make an offer of judgment: "Except in a matrimonial action...." Defendants rely upon the quoted phrase of this section to argue that the rule necessarily applies to any civil action, except matrimonial actions. We think, however, that the rule must be interpreted as a whole. Notably, section two of the Rule speaks in terms of a "claimant" who makes

an offer to settle. *Rule* 4:58–2, titled "Consequences of Non–Acceptance of Claimant's Offer[,]" provides in pertinent part:

> If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer, the claimant shall be allowed, in addition to costs of suit, eight per cent interest on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later, and also a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance. In an action for negligence or unliquidated damages, however, no attorney's fee shall be allowed to the offeror unless the amount of the recovery is in excess of 120% of the offer. A claimant entitled to interest under *R.* 4:42–11(b) shall be allowed interest under this rule only to the extent it may exceed the interest allowed under *R.* 4:42–11(b).

There is no definition within the rule of a "claimant." The ordinary understanding of the word, however, means "[o]ne who . . . asserts a right, demand or claim." *Black's Law Dictionary* 247 (6th ed.1990). The defendant in a condemnation case is not a claimant in that context. Rather, it is the plaintiff condemnor who is asserting the right of condemnation. Indeed, the Eminent Domain Act refers to a defendant in such an action as the "Condemnee." *N.J.S.A.* 20:3–2(c). The Court Rules also refer to the defendant as the "condemnee." *R.* 4:73–1, –8. We have found no reference to a defendant in a condemnation case as a claimant in either statute, rule, or caselaw.

The provisions of *Rule* 4:58–3, titled "Consequences of Non–Acceptance of Offer of Party Not a Claimant[,]" are also inapplicable to a defendant-condemnee. The section provides in relevant part:

> If the offer of a party other than the claimant is not accepted and the determination is at least as favorable to the offeror as the offer, the offeror shall be allowed, in addition to costs of suit, a reasonable attorney's fee, for such subsequent services as are compelled by the non-acceptance, which shall belong to the client and constitute a prior charge upon the judgment.

That section is clearly structured to apply in the context of a party against whom a judgment is taken. The judgment in a condemnation action is taken against the plaintiff-condemnor, and, thus, by its very terms, cannot benefit the defendant-condemnee.

We have no doubt that the Supreme Court in the exercise of its rule making power could provide that *Rule* 4:58 applies to actions involving condemnation as well as actions involving "claimants." *See, e.g., State v. Dilley,* 48 *N.J.* 383, 226 *A.*2d 1 (1967). We believe, however, that the rule as presently structured was not intended to apply to such proceedings. *See Crudup v. Marrero,* 57 *N.J.* 353, 361–64, 273 *A.*2d 16 (1971) (refusing to exempt the Uninsured Motorist Fund from the operation of the rule, but describing the types of litigation that the rule was designed to affect).

The judgment under review is affirmed with the exception of the award of counsel fees. The matter is remanded solely to enter an amended form of judgment.