SMALL, P.J.T.C.
These two cases come to the Tax Court in different procedural postures. Both are resolved by a determination as to whether the Offer of Judgment Rule (R. 4:58) is applicable to proceedings in the Tax Court.
/
Boardwalk Regency Corporation (“BRC”) owns property located at 2100 Boardwalk Avenue, Atlantic City, originally designated as Block 37, Lot 59. The subject property is commonly referred to as the Ocean One Mall and is currently identified as Block 1, Lot 93.
On April 1, 1997, Atlantic City filed a complaint with the Tax Court seeking an increase in the subject property’s assessed value.[1] BRC thereafter filed an answer and counterclaim on April *24 15, 1997, claiming that the subject property’s assessed value exceeded its fair market value, and seeking a reduction in the subject property’s assessed value.[2] The subject property was assessed as follows for the 1997 tax year:
Land $ 6,500,000
Improvements $32,300,000
Total $38,800,000
On or about February 23, 2001, BRC submitted an offer of judgment to Atlantic City, pursuant to R. 4:58, to set the subject property’s assessment at $28,000,000 for tax year 1997. Atlantic City thereafter filed motions to quash BRC’s offer of judgment and for a declaratory ruling by the Tax Court that offers of judgment do not apply in Tax Court matters.

II

The plaintiff/taxpayer Bevan Manufacturing (“Bevan”) is the owner of realty and improvements located at Block 98.10, Lot 1.01 a/k/a 1604 South Route 130, Burlington Township. The property is an old supermarket converted to light industrial use. A prior tax appeal instituted in 1997 resulted in the assessment of the property being reduced to $500,000 from $1,000,000. Immediately upon the expiration of the Freeze Act, the assessment for the year 2000 was raised to:
Land $ 400,000
Improvements $ 600,000
Total $ 1,000,000
*25 Plaintiff now seeks: (i) to make an offer of judgment to the Defendant municipality, (ii) an in limine determination that R. 4:58 is applicable to Tax Court proceedings, and (iii) to establish the appropriate procedural steps for making an offer of judgment in light of many of the unique aspects of Tax Court practice.

Ill

R. 8:1 specifies that “[t]he Rules in Part VIII govern the practice and procedure in all actions in the Tax Court.” In the comments to R. 8:1, Judge Pressler explains that “[t]he basic scheme of Part VIII is to conform the practice and procedure of the Tax Court as nearly as possible to that applicable to all other trial courts in the State,” but that the rules contained in Part VIII “are designed to prescribe with particularity the practice of the Tax Court in respect to those procedural considerations unique to it.” Pressler, Current N.J. Court Rules, comment on R. 8:1 (2002). Rule 4:1 likewise states that “[t]he rules in Part IV, insofar as applicable, govern the practice and procedure of civil actions in the Superior Court, Law and Chancery Divisions, the surrogate’s courts and the Tax Court except as otherwise provided in Part IV and Part VIII” (emphasis added); but see Pressler, Current N.J. Court Rules, comment on R. 4:1 (2002) (emphasizing that “the Part IV rules are not applicable to the Tax Court if inconsistent with its statutory mandate and statutorily prescribed procedures”). Furthermore, R. 1:1-2 specifies that “[t]he rules in Part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.” Rule 1:1-2 further states that “[ujnless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.” Finally, R. 1:1-2 states that “fin] the absence of rule, the court may proceed in any manner compatible with these purposes and, in civil eases, consistent with the case management/trial management guidelines set forth in Appendix XX of these rules.”
*26 The Supreme Court, in Crudup v. Marrero, 57 N.J. 353, 273 A.2d 16 (1971), explained that the rules permitting offers of judgment were specifically designed “as a mechanism to encourage, promote and stimulate early out-of-court settlement of negligence and unliquidated damage claims that in justice and reason ought to be settled without trial.” Id. at 357, 273 A.2d 16 (emphasis added).
R. 4:58-1 details the time and manner in which a party to a case may submit an offer of judgment. It states that:
Except in a matrimonial action, any party may, at any time more than 20 days before the actual tidal date, serve upon any adverse party, without prejudice, and file xoith the court, an offer to take judgment in the offeror’s favor, or as the case may be, to allow judgment to be taken against the offeror____If at any time on or prior to the 10th day before the actual trial date the offer is accepted, the offeree shall serve upon the offeror and file a notice of acceptance with the court____If the offer is not accepted on or prior to the 10th day before the actual trial date or within 90 days of its service, whichever period first expires, it shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding after the trial to fix costs, interest and attorney’s fee. (Emphasis added.)
While matrimonial eases are the only cases specifically excluded under R. 4:58-1, courts have refused to permit offers of judgment in other contexts as well. See generally Casino Reinvestment Dev. Auth. v. Marks, 332 N.J.Super. 509, 753 A.2d 1211 (App.Div.), certif. denied, 165 N.J. 607, 762 A.2d 221 (2000) (holding that R. 4:58 does not apply to condemnation actions). Although condemnation procedures involve issues very similar to those in tax appeals (i.e., the value of real estate), the Appellate Division’s opinion relied on a technical analysis comparing the language in the rule with the language in the condemnation statutes and did not rely on the inapplicability of the Offer of Judgment Rule to land valuation cases, 332 N.J.Super. at 513-14, 753 A.2d 1211.
Rules 4:58-2 and 4:58-3 list the consequences that may result if an offer of judgment is not accepted and a verdict is obtained that is at least as favorable as the rejected offer.
R. 4:58-2 provides that:
If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer, the claimant shall be allowed, in addition to costs of suit, (a) all reasonable litigation expenses incurred following non-acceptance; (b) eight per cent interest on the amount of any money *27 recovery from the date of the offer or the date of completion of discovery, whichever is later; and (c) a reasonable attorney’s fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance. (Emphasis added.)
R. 4:58 was not designed for trials in the Tax Court. The original and continued purpose of the rule was and is to induce early settlements of negligence actions. See generally Pressler, Current N.J. Court Rules, comment on R. 4:58 (2002).
Rule 4:58 is not compatible with Tax Court procedures because the judge with whom the offers and acceptances are filed is the same judge that will be the trier of fact. It would be unfair to the non-accepting party to have the judge (the trier of fact) know that the non-accepting party, for one reason or another, did not accept an offer. In other words, the non-acceptance of an offer of judgment could prejudice the non-accepting party in the eyes of the trier of fact.
To illustrate some other conflicts between the rules permitting offers of judgment and the rules governing practice in the Tax Court: (1) R. 4:58-2 permits an award of eight percent interest from the date of the rejected offer, but under N.J.S.A. 54:3-27.2, Tax Court litigants are limited to interest at five percent. See N.Y. Life Ins. Co. v. Lyndhurst Tp., 280 N.J.Super. 387, 389, 655 A.2d 481 (App.Div.1995); (2) R. 4:58-2 permits litigation costs and reasonable attorney’s fees from the date of the rejected offer, however, pursuant to R. 8:9-2, taxed costs are prohibited except in exceptional circumstances. But see Everest Reinsurance Co. v. Newark Division of Tax Abatement & Special Taxes, 18 N.J.Tax 50, 66-67 (Tax 1998) (allowing the award of attorney’s fees under the Taxpayer Bill of Rights, N.J.S.A. 54:51A-22); (3) R. 8:3-9 permits unilateral withdrawal of a complaint or counterclaim “at any time prior to the close of the proofs before the Tax Court and thereafter with leave of the Court,” [3] *28 whereas R. 4:37-1 requires leave of the Court to withdraw a complaint after opposition is filed; (4) parties in a non-tax matter may reach a settlement at any time, without the court’s approval, however, under R. 8:9-5 and the comments associated therewith, a stipulation of settlement may only be entered by the Tax Court if the attorneys certify in writing that the pertinent data associated with the subject property’s value has been determined, and that the tax assessor has been consulted and concurs with the settlement;[4] and, finally, (5) the prerequisite that the Tax Court approve a stipulation of settlement contravenes the purpose and application of offers of judgment in tax matters. As the above examples illustrate, the administrative differences between the application of the offer of judgment rule to negligence actions and its application to Tax Court matters confirms the conclusion that R. 4:58 was not designated to apply to matters in the Tax Court.
The Offer of Judgment Rule (R. 4:58), like the frivolous litigation rule (R. 1:4-8), the frivolous claims statute (N.J.S.A. *29 2A:15-59.1), and the Taxpayer Bill of Rights (N.J.S.A. 54:51A-22 (L. 1992 c. 175 § 11)), is a fee shifting rule which is an exception to the well-established American rule that each litigant must bear his, her, or its own costs of litigation. See Frigon v. DBA Holdings, Inc., 346 N.J.Super. 352, 354, 787 A.2d 966 (App.Div.2002) (citing several Supreme Court of New Jersey cases to that effect); see also 167 N.J. Law Journal 73 (January 17, 2002). Because fee shifting rules are in derogation of the American and New Jersey practice, their applicability to various situations should be unambiguous. As indicated above, R. 4:58 was not designed with Tax Court practice in mind.
For the above reasons, I conclude that R. 4:58 does not apply in the Tax Court. However, since an offer of judgment rule may have a place in Tax Court practice, I suggest that the Supreme Court Committee on the Tax Court consider the drafting and adoption of an appropriate rule. The committee might consider coordinating its work with that of the Civil Practice Committee, which will be examining R. 4:58. See Frigon, supra, at 357, 787 A.2d 966.
Accordingly, I will grant Atlantic City’s motion to quash Boardwalk Regency’s Offer of Judgment and declare, with regard to Bevan Manufacturing v. Burlington Township, that R. 4:58 does not apply.

 Originally, BRC tiled a petition with the Atlantic County Board of Taxation, appealing Atlantic City's assessment of the subject property, but Atlantic City *24 countered by filing a direct appeal with the Tax Court. See Atlantic City v. Greate Bay Hotel, 16 N.J.Tax 486(Tax), aff'd 17 N.J.Tax 101 (App.Div.1997) (holding that, in the case of multiple and timely filings in the county board of taxation and the Tax Court, the Tax Court has jurisdiction to hear the matter, distinguishing Union City Associates v. Union City, 115 N.J. 17, 556 A.2d 769 (1989) and rejecting a "first to file rule” when the filings in both forums are not by the same party).

 BRC’s counterclaim was suppressed without prejudice for failure to comply with discovery, pursuant to R. 4:23-5(a)(l), but was later reinstated. Compare Order Suppressing Defendant’s Counterclaim Without Prejudice (Mar. 3, 2000) with Order of Reinstatement Pursuant to R. 4:23-5 (June 23, 2000).

 In tax appeals, the assessment is presumed to be correct; thus, anyone challenging the assessment is free to change his or her mind regarding a challenge to the assessment. However, once the proofs are in, the Tax Court judge has a basis for making an independent determination of value. If the *28 judge’s determination is that the assessment is incorrect and should be changed, either increased or decreased, the judge could not sanction an agreement between the parties permitting the assessment to stand when, as a matter of fact, the judge at that point in time knows that the assessment is incorrect.

 Unlike negligence matters where the only parties in interest are before the court, in tax appeals, every taxpayer in the municipality is interested in the outcome. If one individual’s assessment is reduced, the municipal tax rate will increase and the taxes of all other taxpayers will be increased to compensate for the loss of revenue from the successful appellant. Thus, the court’s supervisory role in the settlement of tax appeals is essential to protect the interests of the other taxpayers and to assure itself that the agreement between the taxpayer and the municipality is legal — i.e., at fair market value.
Note that because of the special expertise of the Tax Court, the duty is imposed upon it of applying its own judgment to the evidence in order to arrive at true value. Glenpointe Assoc. v. Tp. of Teaneck, 241 N.J.Super. 37, 574 A.2d 459 (App.Div.), certif. den. 122 N.J. 391, 585 A.2d 392 (1990). Thus, a settlement may be rejected by the Tax Court in the absence of adequate proof. See Rosenberg v. So. Orange Tp., 8 N.J.Tax 1, 6 (Tax) aff'd o.b. 8 N.J.Tax 7 (App.Div.1983). Accord, Black United Fund v. East Orange, 17 N.J.Tax 446, 448 (Tax 1998), aff'd 339 N.J.Super. 462, 772 A.2d 65 (App.Div.2001).
[Pressler, Current N.J. Court Rules, Comment 4 on R. 8:9-5 (2002).]
See also footnote 3 above.