122 N.J. Super. 359 (1973)
300 A.2d 568
PAULETTA PIERCE (GLOUCESTER COUNTY WELFARE BOARD), PLAINTIFF-RESPONDENT,
v.
AUGUSTUS PIERCE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1972.
Decided January 24, 1973.
Before Judges FRITZ, LYNCH and HANDLER.
Mr. Carl S. Bisgaier argued the cause for appellant (Mr. Frederick W. Schmidt, Jr., of counsel; Mr. Robert A. Slapin, *360 on the brief; Mr. David H. Dugan, III, Director, Camden Regional Legal Services, Inc., attorney).
Mr. Charles J. Sprigman, Jr., Assistant County Counsel, argued the cause for respondent (Mr. John L. White, Gloucester County Counsel, attorney).
PER CURIAM.
This appeal springs from that which defendant characterizes  entirely erroneously  in his notice of appeal as a "contempt order." Such a mistake was undoubtedly induced part by the statement of the judge below, "I find him [defendant] guilty of contempt of Court."
The appeal is actually from an order on application for enforcement of litigant's rights, so denominated in its heading, and entitled in the matrimonial cause which bottoms it, obviously under R. 1:10-5. As to the vast difference between this proceeding and a contempt, see N.J. Dept. of Health v. Roselle, 34 N.J. 331 (1961).
Defendant, who was sentenced to jail, complains here only that he was entitled to representation by counsel at the hearing. We do not reach this issue because we are satisfied that serious procedural difficulties require a rehearing, and defendant now has counsel.
Defendant was sentenced to 30 days in jail for failure to comply with a support order. A sentence for a term is inappropriate in these circumstances. Incarceration is a coercive remedy to achieve compliance, and, where indicated, should not be limited or delimited by a term, but should depend for its length on the continuation of noncompliance. It has been said in such a situation that the key to the jail is in the prisoner's pocket, that key being compliance with the order.
The fact that the judge below conditioned the order for incarceration upon release upon payment of the arrearage may save the order from impropriety, but it would be better done as set forth above.
*361 Of more concern to us is that nowhere is demonstrated in the record before us the ability of defendant to comply with the order sought to be enforced by the coercive remedy. (Indeed the sparse record below conduces to the contrary.) Nor does this essential finding appear in the order providing incarceration. Such a finding, i.e., of ability to comply, is essential. N.J. Dept. of Health v. Roselle, supra, 34 N.J. at 338.
Reversed and remanded for a new hearing. No costs. We do not retain jurisdiction.