GERARDO CATENA, PLAINTIFF-RESPONDENT, v. RICHARD
   A. SEIDL, SUPERINTENDENT OF YOUTH RECEPTION
   AND CORRECTION CENTER, YARDVILLE, NEW JER-
   SEY, DEFENDANT-APPELLANT.

Argued September 23, 1974—Decided November 6, 1974.

*Mr. Martin G. Holleran* argued the cause for defendant-appellant (*Mr. Anthony G. Dickson,* of counsel and on the brief).

*Mr. Robert L. Weinberg,* of the District of Columbia bar, argued the cause for plaintiff-respondent (*Mr. S. M. Chris Franzblau,* of counsel and on the brief; *Messrs. Franzblau, Cohen & Falkin,* attorneys).

PER CURIAM. Gerardo Catena, a suspected member of the hierarchy of organized crime, was subpoenaed to appear and testify before the New Jersey State Commission of Investigation (hereinafter S.C.I.) which has been conducting a continuing investigation into the activities of organized crime in this State. He appeared at two private hearings before the S.C.I. (November 18, 1969 and February 17, 1970), but refused to answer some 80 questions relating to organized crime even though granted testimonial immunity pursuant to *N. J. S. A.* 52:9M–17. Accordingly, he was cited for contempt by the Superior Court, Law Division, which, on March 4, 1970, ordered that Catena be committed

until such time as he purged himself of contempt. To date he has refused to testify although concededly able to do so and possessing information relevant to the S.C.I.'s continuing investigation.

In December 1973 Catena sought to be released on the ground that his confinement had lost its coercive impact and had become punitive. At the hearing on his application, he presented no testimony or other evidence[1] and limited his argument to the contention that his age, condition of health and his persistent silence for four years established a prima facie case that his commitment had failed as a coercive measure. The trial court agreed with this argument and ordered that Catena be released forthwith.

This Court disagreed. In our opinion, *Catena v. Seidl*, 65 *N. J.* 257 (1974), it was noted that Catena was still in contempt and subject to the order committing him until he purged himself by testifying; that the S.C.I. was not required to demonstrate the continued efficacy of such order and that Catena had the burden of showing that the commitment, lawful when ordered, had lost its coercive impact and had become punitive. We held that "[h]e has not done so on the present record." 65 *N. J. supra,* at 264.

In his December 1973 complaint Catena had also raised the issue of a statutory defense under 18 *U. S. C. A.* § 2515 to a contempt resulting from illegal surveillance. It was also alleged that the subpoena to testify issued by the S.C.I. stemmed from illegally obtained information and was constitutionally invalid. Catena asked for the right to present evidence in support of these allegations should his other contentions be rejected. However, the trial court, since it found that Catena's confinement no longer had any coercive impact and must be terminated, found it unnecessary to receive this evidence or rule on the legality of these contentions.

---

[1] Following the hearing a doctor's letter-report as to Catena's state of health was submitted to the trial court.

As heretofore noted, this Court held that Catena had not shown that his continued incarceration had lost its coercive power. We therefore vacated the order for release. At the same time we found it impossible to consider Catena's additional contentions in the absence of a record. We remanded the matter to the trial court to hold an evidentiary hearing as to these matters and we retained jurisdiction for the purpose of reviewing the ruling of the trial court on the matters covered by the remand. 65 *N. J. supra,* at 265.

When the matter came before the trial court on July 29 and July 30, 1974, the hearing was expanded to include not only the matters covered by the remand, but also reconsideration of the question whether continued commitment of Catena would serve any coercive purpose.

At the conclusion of the hearing the trial court determined that the provisions of 18 *U. S. C. A.* § 2515 were inapplicable to the S.C.I.'s proceedings and that, even if the statute was pertinent, the S.C.I. had established that the information which formed the basis for the questions propounded to Catena was not obtained by illegal or unauthorized surveillance. Since the court found that the information on which the questions were based was not the result of illegal surveillance, it found no merit in Catena's additional contention that the subpoena *ad testificandum* issued to him by the S.C.I. stemmed from illegally obtained information.

We also reject the argument that the S.C.I. could not lawfully interrogate Catena as to his involvement in organized crime activities, but on a broader ground. The S.C.I. is a legislatively created body exercising broad statutory powers of investigation into organized crime and racketeering. Its purpose is to find facts which may subsequently be used as the basis for legislative and executive action. To deny it the power to question Catena on the ground that some background information on organized crime activities received from other governmental agencies had its source in unauthorized electronic surveillance, would com-

pletely frustrate the legislative object.[2] This same basic contention was made in *In re Zicarelli,* 55 *N. J.* 249 (1970), aff'd 406 *U. S.* 472, 92 S. Ct. 1670, 32 *L. Ed.* 2d 234 (1972). There we said the following:

> With respect to the effort to learn whether evidence illegally obtained prompted the legislative investigation or the questions put to appellants, they cite no authority for the extraordinary proposition that such illegality will taint the legislative process. The suppression of the truth because it was discovered by a violation of a constitutional guarantee is a judge-made sanction to deter insolence in office. It is invoked in penal proceedings, and then only at the behest of a defendant whose right was violated. *Farley v.* $168,400.97, 55 *N. J.* 31, 47 (1969). Even there, the wisdom of a suppression of the truth is not universally acknowledged. *Farley, supra,* 55 *N. J.* at 50. Appellants ask us to go further, and to suppress the truth on behalf of a mere witness, to the end that he may choose to be silent. Still more, appellants ask that we visit the sanction upon the legislative process, even though that process cannot result in a judgment against them. Pressed relentlessly and without regard to all other values, the sanction thesis could indeed deny the Legislature access to facts, and even taint a statute adopted in response to facts illegally revealed, but we think such an extension would be absurd. [55 *N. J. supra,* at 274-275].

On the issue of whether Catena's continued incarceration had lost its coercive force, there was presented at the remand hearing affidavits from him and three of his attorneys, as well as the testimony of his wife and one of his daughters.

Based on this proof and Catena's continued silence since March 1970, as well as his age and condition of health, the trial court found that he had established by a preponderance of the evidence that he has not changed his position "and will, if no other decision is made, stay in jail without talking until he dies." The court therefore found that Catena's continued confinement had gone beyond the coercive stage and had become punitive and that he should be released.

The S.C.I. argues that the *ex parte* proofs submitted by Catena in affidavit and letter form are inadequate to support

---

[2]The information in question was compiled prior to 1968, the year of enactment of 18 U. S. C. A. § 2515.

his burden of proof and that the aforesaid finding should be reversed. Catena maintains his proofs are sufficient, but that if this Court orders a remand, the S.C.I. should be required to demonstrate the present need for his testimony.

This Court, because of the inadequacy of the record, is unable to review the correctness of the trial court's finding and determination that continued commitment of Catena will not serve any coercive purpose. In addition to the testimony of his wife and one of his daughters, to which the trial court did not give "too much weight," the only other proofs presented were affidavits submitted by Catena and three of his attorneys. These instruments were obviously prepared by counsel and are very carefully drafted in the light of our previous opinion. The only other item before the trial court consists of a letter-report from Dr. Bernstein as to the condition of Catena's health and submitted as part of the original January 1974 hearing.

Use of these *ex parte* proofs was improper since it prevented the S.C.I. from testing the veracity and credibility of content. In circumstances such as are present in this case, involving a determination as to subjective intent and purpose, factual issues should be resolved only on the basis of live testimony with opportunity for cross-examination. *State v. Sherry,* 46 *N. J.* 172, 175 (1965). True, the S.C.I. could have called as witnesses the persons involved, but that would have imposed an onus on the S.C.I. which it did not rightfully bear. It was Catena who had the burden of proof. He was required to show that his continued confinement had lost its coercive impact and had become punitive, and he was required to do so by competent proofs — not *ex parte* affidavits and reports.

In light of the foregoing, the matter is hereby remanded to the trial court so that Catena may have the opportunity to present live testimony in support of his complaint. If he chooses to take the witness stand it will in no way affect his Fifth Amendment rights against self-incrimination and he will be required to testify only as to the subject matter

of the hearing, namely, whether there is a reasonable likelihood that continued incarceration will cause him to break his silence.

■ The S.C.I. will not be required to demonstrate the present need for Catena's testimony. Counsel conceded at the previous oral argument before us "that for the purposes of this appeal, his client was able to testify and had information relevant to the S.C.I.'s continuing investigation of organized crime." *Catena, supra,* 65 *N. J.* at 263.

The trial court is to give Catena a prompt hearing and shall make new or amended findings and determinations as required. We retain jurisdiction.

*For remandment*—Chief Justice HUGHES, Justices JACOBS, HALL, SULLIVAN, PASHMAN and CLIFFORD and Judge KOLOV-SKY—7.

*Opposed*—None.