RALPH A. NAPOLI, PLAINTIFF-RESPONDENT, v. MARGOT ELD, SUPERINTENDENT OF CORRECTIONAL INSTITUTION FOR WOMEN, CLINTON, NEW JERSEY, DEFENDANT.

Argued May 9, 1978—Decided June 13, 1978.

Mr. Neil J. Casey, III, argued the cause for State of New Jersey, State Commission of Investigation (Mr. Jay L. Hundertmark, of counsel and on the brief).

Mr. James R. Hendren argued the cause for respondent (Messrs. Avena and Hendren, attorneys).

PER CURIAM. We adhere to our decision in *Catena v. Seidl*, 68 *N. J.* 224 (1975) being satisfied that the principles and standards set forth therein for dealing with a recalcitrant civil contemnor, such as is here involved, are correct and adequate. Applying these principles and standards, and making our own evaluation of the evidence, we agree fully with the trial judge's findings and conclusions which he summarized thusly:

This man has spent six years in jail. He demonstrates to the Court a resignation to spend whatever time is necessary, whether it be the end of the term of the Commission or the end of his life, to spend that time in that same debilitating, do-nothing routine. I can only conclude that he is never going to change his mind. Enough is enough. I am satisfied that he has borne the necessary burden of proof even though it is only his own testimony. I think the inferences that the Court has drawn from previous conduct and his present resignation to his incarcerated status clearly demonstrates that there is no substantial likelihood that he will ever change his mind. The contempt citation is discharged.

We note that there is pending in the New Jersey Legislature a proposed amendment to the State Commission of Investigation Act which, *inter alia,* provides that in the case of a witness cited for contempt for refusal to answer, subsequent to a grant of immunity, no incarceration for civil contempt shall exceed a period of five years of actual incarceration.

Affirmed.

SCHREIBER, J., dissenting. I continue to adhere to the view expressed in my dissenting opinion in *Catena v. Seidl*, 68 *N. J.* 224, 230 (1975), that this Court should not lend its aid to frustrate the State Commission of Investigation (SCI) in its factual investigation of organized crime. See *N. J. S. A.* 52:9M–2a.

Chief Justice Weintraub, Justice Jacobs and Judge Broderick, who were designated by Governor Byrne as a committee to evaluate the SCI pursuant to Executive Order

No. 20, April 11, 1975, issued a unanimous report in which the following comments, with which I heartily agree, were made:

A number of individuals have refused to testify in inquiries involving organized crime. They have been incarcerated in civil proceedings, but have refused to yield to that coercion despite several years of coercive imprisonment. Recently the Supreme Court of New Jersey held that the imprisonment must be ended when there no longer is a substantial likelihood that continued imprisonment will succeed. *Catena v. Seidl*, 65 *N. J.* 257 (1974), 66 *N. J.* 32 (1974) and 68 *N. J.* 224 (1975).

Thus the civil process may be defeated by obstinacy, or may be seriously debilitated if vital witnesses choose to litigate the durability of their recalcitrance. The question whether coercion will succeed seems to be a matter of prophecy rather than of fact, and it being held that this matter of prophecy is a triable issue, the coercive effect of imprisonment may be diluted by a hope that some judge will "find" that coercion will not overcome the reluctant witness, if not today, then tomorrow, or the next.

The *Catena* decision brings to the fore the question whether the criminal process should be invoked to deal with the public injury which ensues when a witness thus refuses to obey an order to testify. The very mission of the S. C. I. depends upon an ability to obtain the facts. It is intolerable that any man may choose to frustrate an inquiry by government upon a matter of concern to all the citizens of the State. The ensuing wrong exceeds the affront to the State when in litigation of limited moment a witness defies the State's authority. Here the public injury which inheres in every contempt is compounded by the fact that an agency of government is impeded or even finally blocked in a matter of overriding public concern.[1]

---

[1] In response to this Court's decision in *Catena* a proposed amendment to the State Commission of Investigation Act has been introduced in the Legislature. Assembly No. 1275 (April 24, 1978). It provides that a witness who has been granted immunity and who has been cited for civil contempt may be incarcerated for a period of time up to five years. The bill also states that a person who willfully refuses to answer a question will be guilty of a high misdemeanor and "shall be punished by a fine of $10,000 and imprisonment for not more than 10 years without eligibility for parole or reconsideration of sentence except upon a showing that after imposition of the sentence he testified or furnished the required evidence at a time when the commission's needs were substantially met." (Section 12a). Any period of incarceration for civil contempt is to be credited against any period of imprisonment. (Section 12c).

I would reverse.

*For affirmance*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD and HANDLER and Judge CONFORD—6.

*For reversal* — Justice SCHREIBER—1.