MONMOUTH COUNTY BOARD OF SOCIAL SERVICES ON BE-HALF OF THE STATE OF FLORIDA FOR SYLVIA LOHMAN, PLAINTIFF-RESPONDENT, v. JOHN LOHMAN, DEFEND-ANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 30, 1988—Decided January 5, 1989.

---

*c.* 142, which observed that a tax sale certificate operated merely to vest in the purchaser an inchoate interest with the "right to proceed to foreclose the equity of redemption pursuant to the established statutory scheme." New hazards of the investment exist. *See Simon v. Oldsmans Tp.,* 203 *N.J.Super.* 365 (Ch.Div. 1985), where a purchaser attempted to rescind a tax sale because of the environmental hazard responsibility affecting the property.

Before Judges KING and ASHBEY.

*Lomurro, Davison, Eastman & Munoz* attorneys (*Susan M. Scarola*, on the brief).

*Raymond B. DeRidder* attorney for respondent (*Thomas H. Klein,* on the brief).

The opinion of the court was delivered by
ASHBEY, J.A.D.

This appeal raises the question of New Jersey's duty as a responding state respecting an initiating state's claim for welfare reimbursement under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA),[1] *N.J.S.A.* 2A:4–30.24 *et seq.,* when a previous New Jersey court order terminated defendant's support obligation for violations of defendant's visitation rights. We conclude that New Jersey has a duty to establish and to enforce a reimbursement order using RURESA guidelines. *N.J.S.A.* 2A:4–30.41, 30.46.

Pursuant to RURESA, the State of Florida brought an action in New Jersey to obtain reimbursement of public assistance which it had paid for the benefit of defendant's children. At the ensuing hearing, Florida was represented by the Monmouth County Board of Social Services (Board). *N.J.S.A.* 2A:4–30.41b. Specifically, Florida sought reimbursement of $2,893 which it had paid to support defendant's four children from April 1986 through January 1987 (Aid to Families with Dependent Children (AFDC), 42 *U.S.C.A.* § 601 *et seq.*), and which it asserted defendant owed as arrearages respecting his duty of support. *N.J.S.A.* 2A:4–30.26b. Defendant relied on a 1982 New Jersey Family Part order which terminated his child support obligation on the grounds that the childrens' mother had denied him visitation. The Board contended that the State of Florida was not bound by the 1982 order because it was not a party to that action. The Family Part Judge entered the RURESA order requiring defendant to pay $2,893 to the State of Florida at the

---

[1]The Uniform Reciprocal Enforcement of Support Act as amended is now known as the Revised Uniform Reciprocal Enforcement of Support Act (1968). See *L.* 1981, *c.* 243, § 2.

rate of $25 per week.[2] Defendant appeals and we affirm.

[R]URESA remedies are in addition to and not in substitution for other remedies. *N.J.S.A.* 2A:4-30.27; *Daly v. Daly*, 21 *N.J.* 599, 603 (1956). *N.J.S.A.* 2A:4-30.32 provides:

> If a state or a political subdivision furnishes support to an individual obligee it has the same right to initiate a proceeding under this act as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support.

Respecting support rendered to children by the AFDC program, "New Jersey has long elected to participate in this program of cooperative federalism." *Franklin v. New Jersey Dept. of Human Services*, 111 *N.J.* 1, 10 (1988); *Essex Cty. Welfare Div. v. Simon*, 178 *N.J.Super.* 523, 527 (App.Div.1981); *Dolberry v. Dolberry*, 188 *N.J.Super.* 265, 270 (Ch.Div.1982); *N.J.S.A.* 44:10-1 to -18; *N.J.S.A.* 9:17-53c (Uniform Parentage Act). Any person chargeable by law for support may be required to repay public assistance to dependent children. *N.J.S.A.* 44:7-19.

Under *N.J.S.A.* 2A:4-30.45, it is specifically provided that,

> [t]he determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court.

In the face of this legislative mandate, our courts have consistently ruled that the duty of support owed to children in a RURESA proceeding is not affected by interference with visitation rights. *Muller v. Muller*, 212 *N.J.Super.* 665, 673 (Ch.Div. 1986); *Kaplan v. Kaplan*, 214 *N.J.Super.* 210, 218-219 (Ch.Div. 1986). In the seminal case of *Daly v. Daly*, the Supreme Court held that the dereliction of the custodial parent did not abrogate the noncustodial parent's duty of support. 21 *N.J.* at 609.[3]

---

[2]Although there was no hearing to establish the method of reimbursement, on appeal defendant does not challenge that aspect of the order.

[3]The record contains no assertion by defendant that he has sought custody of the children in Florida, *see Daly v. Daly*, 21 *N.J.* at 610 or that, despite certain

■■ Defendant's reliance on the case of *Essex County Adjuster v. Brookes,* 198 *N.J.Super.* 109 (App.Div.1984) is misplaced. In that case there was an existing New Jersey support order between the parties. We there held that the Family Part could not enforce a URESA reimbursement claim for an amount which exceeded that required by a previous Family Part order which had been complied with and entered into without notice that AFDC payments were being made. *Id.* at 112–114. We relied on *N.J.S.A.* 2A:4–30.52 which provided that the responding URESA court should conform the amount of its support order to that previously entered by a divorce court, where "the judgment therein provides for the support demanded in the [URESA] complaint...." Here defendant did not contend that the court could not increase his support obligation above the amount determined by a previous divorce court, but that there was no order obligating him to pay support because he had been denied visitation. We have previously detailed the law governing such an order.[4] Respecting defendant's right to rely upon the absence of a support order, the New Jersey Supreme Court has consistently held that [R]URESA authorizes the courts to establish a support obligation where none has been previously established. *Daly v. Daly,* 21 *N.J.* 599. The Family Part was thus within its jurisdiction in ruling that defendant was under a statutory obligation, despite the 1982 order.

AFFIRMED.

---

language in the order, that the 1982 order represented economic sanctions designed to achieve the return of the children to the jurisdiction. *See Parivash v. Yousef,* 94 *N.J.Super.* 403, 408 (App.Div.1967).

[4]The order apparently also discharged arrears. *L.* 1988, *c.* 111, effective November 20, 1988, provides that no child support order may be retroactively so modified.