768 A.2d 283 (2000)
338 N.J. Super. 192
COUNTRY OF LUXEMBOURG on behalf of Ana Christina Fernandes RIBEIRO Plaintiff,
v.
Jose Silvestre Tronacao CANDERAS, Defendant.
Superior Court of New Jersey, Chancery Division, Union County, Family Part.
December 29, 2000.
*284 Francis J. Thiel, Assistant County Counsel, for the plaintiff(Carol I. Cohen, Union County Counsel, Attorney). *285 Elliot H. Gourvitz, P.A., Elliot Gourvitz, for the defendant.
BROCK, J.S.C.
The issue presented to this court for determination is whether the plaintiff's request to enforce a judgment for child support entered against the defendant on October 5, 1998, by the Court of Conciliation of Esch-sur-Alzette in the Grand Duchy of Luxembourg should be dismissed for lack of personal jurisdiction. For the reasons which follow, this court concludes that the issuing tribunal did not have personal jurisdiction over the defendant. Therefore the registration of the judgment for enforcement under the Uniform Interstate Family Support Act(UIFSA) will be vacated and the request to otherwise enforce the judgment will be dismissed.
The relevant facts are not in dispute. The defendant admits that he lived with the mother of the child in Portugal from 1980 to 1987. During that time their daughter was conceived and born in Portugal on June 29, 1981. In September of 1987, the defendant came to the United States. He now lives in Union County, New Jersey. The plaintiff and the child moved to Luxembourg. The defendant has never been in Luxembourg and owns no property there.
In July 1998, the defendant received a summons in the mail to appear before the Court of Conciliation in Esch-sur-Alzette on September 21, 1998. The summons alleged that the defendant had left the plaintiff to go to the United States in September, 1987, and failed to support the child since then. It further stated that the child's mother was seeking the sum of LUF 1.290.000 for a period starting September, 1987 until June, 1998, and the monthly sum of LUF 12.000 beginning on July 1, 1998, subject to a salary index plus legal fees and costs. The summons stated that the defendant is domiciled in the United States.
On or about August of 1999, the defendant received by mail the judgment entered against him by default on October 5, 1998. It provided that the defendant pay to the plaintiff:
1. LUF 8.000 a month for the period of October 1, 1987 to May 1, 1991;
2. LUF 10.000 a month for the period of June 1, 1991 to May 1, 1996;
3. LUF 12.000 a month starting June 1, 1996; and
4. A procedure indemnity of LUF 10.000.
In addition, the support allowances were made automatically subject to adjustment to the salary index as of July 1, 1998, and the defendant was ordered to pay all the costs and expenses of the proceedings.
On or about January 19, 2000, the attorney for the plaintiff in Luxembourg sent the judgment to the Central Registry of Child Support Enforcement Services of New Jersey and requested that the judgment be registered for enforcement. The judgment was assigned a docket number, forwarded to this vicinage for enforcement, and the matter was listed for a hearing before a child support hearing officer. After the defendant received notice of the hearing, his attorney filed the motion to dismiss the case for lack of jurisdiction which was assigned to this judge for disposition.
The plaintiff seeks to enforce the judgment under the Uniform Interstate Family Support Act(UIFSA) which became effective in New Jersey on March 5, 1998, N.J.S.A. 2A:4-30.65 to30.123. Pursuant to N.J.S.A. 2A:4-30.103, a party seeking to enforce a support order issued by a tribunal of another state may send the documents required for registering the order to a support enforcement agency of this State.
The non-registering party may request a hearing to contest the validity or enforcement of a registered order in this state or seek to vacate the registration of the order by proving one or more enumerated defenses, including the defense that the issuing tribunal in another state lacked personal jurisdiction over the contesting party. N.J.S.A. 2A:4-30.109 and *286 N.J.S.A. 2A:4-30.110(a)(1). For purposes of this case, the statute defines a "state" as a foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under UIFSA or the procedures under the Uniform Reciprocal Enforcement of Support Act (URESA) or the Revised Uniform Reciprocal Enforcement of Support Act (RURESA). N.J.S.A. 2A:4-30.65(b).
The 1996 Welfare Reform Act authorizes the Secretary of State, with the concurrence of the Secretary of Health and Human Services, to make federal level declarations of reciprocity for child support establishment and enforcement. It further authorizes states to enter into their own arrangements with foreign jurisdictions that have not been declared to be foreign reciprocating countries under the Act to the extent consistent with federal law.[1] Neither the United States nor the state of New Jersey have established reciprocity with Luxembourg. Nevertheless, the UIFSA statute provides that its remedies are cumulative, and do not affect the availability of remedies under other law. N.J.S.A. 2A:4-30.67.
Before turning to considerations of comity, this court must consider whether or not Luxembourg has enacted a law or established procedures which are substantially similar to UIFSA, RURESA or URESA. A national commentator has recently noted that there is very little precedent for how a trial court should make the determination of what constitutes "substantially similar law or procedures." See, Selected Topics in International Law for the Family Practitioner: International Child Support-1999, 32 Fam. L.Q. 525, 550 (1998). The two decisions by appellate courts in Texas which are cited by the author involve enforcement or modification of judgments entered by sister states under URESA. This Court has not identified any decision in which the law or procedures of a foreign country have been analyzed to determine whether or not they are substantially similar to UIFSA, RURESA or URESA.[2]
In this case the issue is whether or not the issuing tribunal had personal jurisdiction over the defendant. UIFSA changed the former law under URESA and RURESA by adding Section 201, a broad provision for asserting long-arm jurisdiction over non-residents in the home state of the supported family. John J. Sampson, Uniform Interstate Family Support Act (1996) (with More Unofficial Annotations) 32 Fam. L.Q. 390, 403(1998). Section 201 of UIFSA was adopted in New Jersey as N.J.S.A. 2A:4-30.68. It provides that a tribunal of this state may exercise personal jurisdiction over a nonresident individual in a proceeding to establish, enforce or modify a support order if:
a. the individual is personally served with a summons or notice within this State;
b. the individual submits to the jurisdiction of this State by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
c. the individual resided with the child in this State;
d. the individual resided in this State and provided prenatal expense or support for the child;
e. the child resides in this State as a result of the acts or directives of the individual;
*287 f. the individual engaged in sexual intercourse in this State and the child may have been conceived by that act of intercourse; or
g. there is any other basis consistent with the constitutions of this State and the United States for the exercise of personal jurisdiction.
Plaintiff's counsel in Luxembourg has forwarded certain sections of that country's Code of Civil Procedure on the Jurisdiction of District Court Judges. With respect to subject matter jurisdiction, Article 4(1) provides:
He (the district judge) always hears and determines, subject to appeal, no matter what the sum of the claim... all requests for child support excepting those relating to divorce or physical separation process.
With request to territorial jurisdiction, Article 38 provides:
Claims for payment or revision of child support described in article 4 above, may be brought, at the choice of the creditor of the child support, either before the jurisdiction of the debtor, or else before the jurisdiction of his or her own domicile.
In this case, the plaintiff/creditor chose to bring the case before the jurisdiction of her own domicile. The judgment of the issuing tribunal specifically states that:
In spite of being duly summoned, the defendant did not appear, consequently it is appropriate to pronounce a judgment against the defendant in default of appearance.
No statute or procedure of Luxembourg which is substantially similar to N.J.S.A. 2A:4-30.68 has been presented to this court for review. It may be that Luxembourg has a statute or procedure for obtaining personal jurisdiction over a non-resident which has not been provided by the plaintiff. However, even if it had a similar statute or procedure, this court would still be required to determine whether or not, in this case, the issuing tribunal had a basis for exercising personal jurisdiction over this defendant. Relying on the provisions of N.J.S.A. 2A:4-30.68, this court finds, based on the undisputed facts, that the first six of the seven possible bases for obtaining personal jurisdiction over the defendant under the statute do not apply in this case. The last provision of the statute permits this court to consider whether there is any basis consistent with the constitutions of New Jersey or the United States for the exercise of personal jurisdiction.
New Jersey has expressed as its policy its intent to exercise personal jurisdiction over nonresidential defendants to the extent "consistent with due process of law." R. 4:4-(b)(1). In Katz v. Katz, 310 N.J.Super. 25, 30, 707 A.2d 1353 (App.Div. 1998) the Appellate Division pointed out that our New Jersey Supreme Court has construed that language to mean that, "We will allow out-of-state service to the uttermost limits permitted by the United States Constitution." Avdel v. Mecure, 58 N.J. 264, 268, 277 A.2d 207 (1971).
In International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) the United States Supreme Court held that:
Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.
In Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283, 1298(1958) the United States Supreme Court further pointed out that:
[I]t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *288 A state court's exercise of in personam jurisdiction over a nonresident implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Kulko v. Superior Court of California, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132, 140-41(1978), and federal constitutional principles are binding on our courts in New Jersey. Jaworowski v. Kube, 276 N.J.Super. 474, 478, 648 A.2d 261 (App.Div.1994).
These jurisdictional fundamentals apply to actions for child support. In Drobney v. Drobney, 146 N.J.Super. 317, 323, 369 A.2d 963 (App.Div.1977) the Appellate Division held that:
Personal obligations deriving from the marital relationship or its termination including, among other things, support and alimony are dependent for adjudication on the courts' acquisition of either personal jurisdiction over defendant or quasi in rem jurisdiction over property in which he has an alienable interest.
Although these parties never married, they have an undisputed obligation to support the child born of their relationship. The judgment of the issuing tribunal in Luxembourg stated this, and New Jersey has long had a strong policy of requiring parents to support their children. See, Daly v. Daly, 21 N.J. 599, 605, 123 A.2d 3(1956). Our policy is set forth in both statute and rule. N.J.S.A. 9:17-53, and R. 5:6-1 to -5, R. 5:6A.
However, in this case, as in Katz, the fact that the plaintiff lives in the forum state is insufficient to create a relationship between Luxembourg and the defendant under Hanson v. Denckla, supra, 357 U.S. at 253, 78 S.Ct. at 1239-40, 2 L.Ed.2d at 1298; Katz v. Katz, supra 310 N.J.Super. at 31-32, 707 A.2d 1353. In Katz the Appellate Division concluded that, although the defendant had at one time lived in New Jersey and married the plaintiff in New Jersey, he had been absent from the state for seventeen years, which caused whatever ties he had to evaporate and the power of the state of New Jersey to exercise personal jurisdiction over him to similarly disappear. Id.
In this case, the defendant has no contacts at all with Luxembourg. He has never physically visited the country and he owns no property there. Relying the precedents cited above, this court finds that there is no basis consistent with the constitution of New Jersey and the United States for the exercise of personal jurisdiction over him. As a result, this court cannot find that the issuing tribunal acted in accordance with a law or procedure which was substantially similar to that of UIFSA for obtaining personal jurisdiction over a non-resident.
Finally, to determine whether or not the judgment of the issuing tribunal should be enforced in New Jersey, principles of comity must be examined. In Fantony v. Fantony, 21 N.J. 525, 533, 122 A.2d 593 (1956) the New Jersey Supreme Court delineated the standard for the application of comity:
The recognition of a judgment of a foreign court under the principle of comity is subject generally to two conditions: (1) that the foreign court had jurisdiction of the subject matter; (2) that the foreign judgment will not offend the public policy of our own State. Zanzonico v. Neeld, 17 N.J. 490, 495, 111 A.2d 772, (1955); cf. Guarantee Bank & Trust Co. v. Gillies, 8 N.J. 88, 101, 83 A.2d 889 (1951); Hachez v. Hachez, supra, 124 N.J.Eq. [442] at page 447, 1 A.2d 845. The rule of comity is grounded in the policy of avoiding conflicts in jurisdiction, unless upon strong grounds, and the general principle that the court which first acquires jurisdiction of an issue has precedence, in the absence of special equities. A litigant cannot be compelled to act elsewhere, but may remain in the court which first acquires jurisdiction and abide by the terms of its decree. O'Loughlin v. O'Loughlin, 6 N.J. 170, 179, 78 A.2d 64 (1951); Stultz v. Stultz, 15 N.J. 315, 319, 104 A.2d 656 *289 (1954). The expressions in these cases on principles of comity are in accord with the decisions of the United States Supreme Court.
Applying principles of comity to this case, this court holds that the foreign court had jurisdiction of the subject matter under its own Code of Civil Procedure to determine a claim for child support in the jurisdiction of the plaintiff's domicile. However, this court has found as a fact that the defendant has never physically visited Luxembourg and he owns no property there. For those reasons the issuing tribunal lacked personal jurisdiction over the defendant as well as quasi in rem jurisdiction over property in which he has an alienable right. Based on the precedents cited above, this court finds that it would offend our public policy to enforce a judgment which is inconsistent with due process under our state and federal constitutions.[3]
The court will therefore vacate the registration of the judgment with the Office of Child Support Enforcement Services of New Jersey under UIFSA, and dismiss the plaintiff's request to otherwise enforce the judgment for lack of personal jurisdiction over the defendant.
NOTES
[1] Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA), Pub.L. No. 104-193, 110 Stat. 2105, Section 371.
[2] Compare, Ross v. McNasby, 259 N.J.Super. 410, 415, 613 A.2d 1174 (App.Div. 1992). The Appellate Division denied the father's application to vacate the registration of a support order issued by a court in Ontario, because New Jersey had established reciprocity with Ontario under RURESA.
[3] Compare, Ross v. McNasby, supra, 259 N.J.Super. at 415, 613 A.2d 1174, where the Appellate Division found that the defendant was present in court with counsel in Ontario when the initial support issue was decided, and Schwarcz v. Zik, 273 N.J.Super. 78, 82-83, 640 A.2d 1212 (Ch.Div.1993) where the trial court found that the parties were married in Israel and resided in Israel and that the defendant was present before the Rabbinical Court with counsel in the underlying action. In both cases our court found that the foreign judgment would not offend our public policy and applied principles of comity to enforce the judgments.